UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 14-166-HRW

GREGORY VERNON BOGGS,                                                          PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits . The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on August 3, 2011, alleging disability beginning on June 8, 2011, due to "rheumatoid arthritis, carpal tunnel syndrome, degenerative arthritis, osteoarthritis, fatty liver, type 2 diabetes mellitus, high blood pressure, heart disease, black lung, ears, eyes and depression" (Tr. 232). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Bonnie Kittinger (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jo Ann Bullard, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 51 years old on the date he allegedly became disabled and 53 years old at the time of the Commissioner's final decision on August 7, 2013 (Tr. 30, 80 (date of birth)). Plaintiff graduated from high school and worked as a laborer and miner prior to his alleged onset of disability (Tr. 233-34).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 35).

The ALJ then determined, at Step 2, that Plaintiff suffers from rheumatoid arthritis, osteoarthritis and depression, which she found to be "severe" within the meaning of the Regulations (Tr. 36-37).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments (Tr. 37-39).

The ALJ further found that Plaintiff could not return to his past relevant work as a driller helper, coal miner, welder, construction worker, pourer and material handler (Tr. 41) but determined that he has the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. 404.1567(b), with the following additional limitations: occasional climbing of ladders, ropes, or scaffolds; frequent stooping, kneeling, crouching, crawling, or climbing ramps or stairs; understanding and remembering simple and detailed instructions and procedures; sustaining attention and pace for simple tasks within regular tolerances or two-hour time blocks; interacting with peers and supervisors sufficiently for task completion; occasional interacting with the general public; and adapting to work demands and situational changes given reasonable support (Tr. 39-41).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 42).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by

substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff asserts several errors on appeal, but fails to present them to this Court properly. Plaintiff provides only cursory arguments in support of his motion for summary judgment, which is little more than a recitation of portions of the ALJ's decision and the record. The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

4

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " ' [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

The lack of supporting argument, alone, warrants a denial of Plaintiff's dispositve motion. The Court has reviewed the parties' motions and the administrative record, nevertheless, and it appears that the Plaintiff's motion should be denied on its merits as well.

Plaintiff claims that the ALJ erred in his evaluation of the opinion evidence. But again, Plaintiff does not provide any meaningful argumentation to support his claim. Rather, her simply summarizes two opinions from the record, namely, those of Dr. Jayalakshmi Pampati and Dr. David Muffly.

Plaintiff suggests that the ALJ should have given more effect to a February 13, 2012, opinion from Dr. Pampati, stating that Plaintiff was totally disabled. Plaintiff's claim is not

5

supported by the record; Dr. Pampati did not author any opinion on that date and her treatment records do not extend past 2011 (although some were printed in January 2012) (*see* Tr. 464-98).

The Court notes that Dr. Pampati , in March 2014, opined that Plaintiff was "[c]ompletely disabled for any occupation". This opinion was not accompanied by any functional limitations. Nor was it presented to the ALJ, who issued her opinion in February 2013. (Tr. 513). The Appeals Council, did, in fact, consider the March 2014 opinion but determined that it did not provide a basis for changing the ALJ's decision (Tr. 5). The Appeals Council's decision was correct, as conclusory statements on matters reserved to the Commissioner, i.e., whether or not a claimant is disabled, are not medical opinions and are not dispositive. *See* 20 C.F.R. § 404.1527(d). Moreover, Plaintiff has not argued the Appeals Council erred in its determination. Therefore, the suggestion that Dr. Pampati's opinion was not properly considered is without merit.

Plaintiff also refers to an opinion from examining physician David Muffly, M.D. (Pl. Br. 6). Once again, Plaintiff does nothing more than summarize the portions of that opinion which he believes are helpful to his claim. Dr. Muffly examined Plaintiff on May 24, 2012 (Tr. 501-09). Dr. Muffly opined that Plaintiff could lift 10 pounds; could not do fine manipulation with his hands; could not operate foot controls; could do "very limited" bending and stooping; could walk one hour per day; could sit three hours a day; and needed to be able to lie down to obtain pain relief. Dr. Muffly stated that Plaintiff was "totally disabled" (Tr. 504). These limitations were repeated, with more detail, on another form: Plaintiff could never climb, crawl, or balance; could occasionally crouch or kneel; had limitations in reaching, handling, feeling, and pushing/pulling; and could not work at heights, or around moving machinery, dust, and noise (Tr. 506-09).

6

The ALJ reasonably declined to give Dr. Muffly's opinion significant weight (*see* Tr. 36-37, 40-41). Opinions from an examining source, such as Dr. Muffly, cannot receive controlling weight because only a treating physician's opinion is eligible for controlling weight. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ determines the weight to give examining source opinions based on whether they are supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence in the record, among other factors. *See* 20 C.F.R. § 404.1527(c)(1), (3)-(6).

Here, the ALJ found Dr. Muffly's opinion to be at odds with other evidence in the record, including notes from Dr. Pampati and the examination and opinion rendered by Paul von Herrmann, M.D. (Tr. 36-37, 41).

As for Dr. Muffly's remark that Plaintiff is "totally disabled", the ALJ was correct in disregarding it. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff also maintains that the ALJ did not properly evaluate his subjective complaints of pain. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

7

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For instance, the physical examinations in the record were mostly normal and slight abnormalities were only sporadically present (Tr. 307, 340-447, 352, 362-63, 366, 369, 373, 376-77, 379, 385-86, 413, 417, 442-44). X-rays showed only mild degenerative changes (Tr. 331, 333-34). The ALJ reasonably considered this objective evidence in determining Plaintiff's subjective complaints were not entirely credible (Tr. 110-13). The Court finds that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence.

Finally, Plaintiff suggests that the ALJ could not rely on the testimony of the vocational expert to find that he could perform other work in the national economy. The Court assumes that Plaintiff is challenging the hypothetical questions posed to both VE.

Hypothetical questions posed to the VE must comply with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. To the extent that Plaintiff may suggest that he has certain manipulative impairments which would preclude the performance of jobs cited by the VE, the record is devoid of credible medical evidence suggesting functional limitations beyond those found by the ALJ. Given the objective medical evidence in the record, the hypotheticals were factually supported by the evidence of record and, thus, the responses thereto constitute

substantial evidence in support of the ALJ's decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of September, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

9